MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ (MS-8159)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                Plaintiff,                 **COMPLAINT**

          v.                             ECF CASE

XANGA.COM, INC.,                        06 Civ. 6853 (SHS)
    a corporation,

JOHN HILER,
    individually and as an officer of
    the corporation, and

MARC GINSBURG,
    individually and as an officer of
    the corporation,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint

alleges that:

       1.      Plaintiff brings this action under Sections 1303(c) and 1306(d) of the Children's

Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and

6505(d), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. §§ 41-58, 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b, to obtain monetary civil penalties, a permanent injunction, and other equitable relief for the defendants' violations of the Commission's Children's Online Privacy Protection Rule (the "Rule"), 16 C.F.R. Part 312.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b. This action arises under 15 U.S.C. §§ 45(a)(1) and 6502(c).

3. Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

## DEFINITIONS

4. For purposes of this Complaint, the terms "child," "collects," "collection," "Commission," "delete," "disclosure," "Internet," "online contact information," "operator," "parent," "person," "personal information," "third party," "verifiable consent," and "website or online service directed to children," are defined as those terms are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

5. For purposes of this Complaint, the terms "blog" and "weblog" mean a web-based publication by an individual or group of individuals that functions as an online journal and typically consists of periodic online postings containing text, images, and links to other files and/or web pages.

6. For purposes of this Complaint, a "blog hosting service" means a website or online service that hosts blogs and often provides the software to use as a template for creating blogs.

2

## THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE

7. Congress enacted the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501-6506, in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet websites or online services. The Act directed the Federal Trade Commission to promulgate a rule implementing COPPA. The Commission promulgated the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, on November 3, 1999 under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedures Act, 5 U.S.C. § 553. The Rule went into effect on April 21, 2000.

8. The Rule applies to any operator of a commercial website or online service, or portion thereof, directed to children that collects, uses, and/or discloses personal information from children, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children.

9. Among other things, the Rule requires a subject website operator to meet specific requirements prior to collecting online, using, or disclosing personal information from children, including, but not limited to:

    a. Posting a privacy policy on its website providing clear, understandable, and complete notice of its information practices, including what information the website operator collects from children online, how it uses such information, its disclosure practices for such information, and other specific disclosures set forth in the Rule;

    b. Providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents when required

      by the Rule;

c.    Obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children;

d.    Giving parents the option to consent to the collection and internal use of their children's personal information without consenting to the disclosure of that information to third parties;

e.    Providing a reasonable means for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance;

f.    Not conditioning children's participation in an activity upon the children disclosing more personal information than is reasonably necessary to participate in that activity; and

g.    Establishing and maintaining reasonable procedures to protect the confidentiality, security, and integrity of personal information collected from children.

10.    Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).  *See also* COPPA, 15 U.S.C. § 6502(c).

## THE DEFENDANTS

11.    Defendant Xanga.com, Inc. ("Xanga") is a Delaware corporation with its principal office or place of business located at 555 Eighth Avenue, New York, New York 10018.  Xanga operates an advertising- and subscription-supported blog hosting service, located at < www.xanga.com >, that is transmitted and accessible worldwide on the Internet.  Xanga resides

and/or transacts business in the Southern District of New York.

12. Defendant John Hiler is a director and shareholder of Xanga, and is Xanga's Chief Executive Officer. Individually or in concert with others, he formulates, directs, controls, or participates in the policies, acts, or practices of Xanga, including the acts or practices alleged in this Complaint. His principal office or place of business is the same as that of Xanga. He resides and/or transacts business in the Southern District of New York.

13. Defendant Marc Ginsburg is a director and shareholder of Xanga, and is Xanga's President. Individually or in concert with others, he formulates, directs, controls, or participates in the policies, acts, or practices of Xanga, including the acts or practices alleged in this Complaint. His principal office or place of business is the same as that of Xanga. He resides and/or transacts business in the Southern District of New York.

14. The acts and practices of the defendants alleged in this Complaint were in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## THE DEFENDANTS' COURSE OF CONDUCT

15. Since at least January 1, 2000, the defendants have operated Xanga.com. Xanga.com provides free or premium (subscription) blog template software to its registered members and publishes the members' blogs on the Internet. The blogs enable Xanga.com's members and visitors to share information, including personal information, and otherwise interact online. Xanga derives its revenues from displaying ads on its users' pages and by selling premium memberships by subscription.

16. During the past five years, approximately 1.7 million Xanga.com accounts were opened by children under age 13. Children under age 13 who registered with Xanga may have opened more than one account. For each of these accounts, the defendants collected, used, and

disclosed personal information from children under age 13, with actual knowledge that the persons submitting such information were under age 13.

## The Defendants' Information Collection, Use, and Disclosure Practices

17. Children who sought to create a blog on Xanga.com were presented with a multi-page online registration form to fill out and submit online. On the first page of Xanga.com's registration form, the defendants collected personal information from children including e-mail address, username, and password. On this page, the defendants also required children to check two boxes, the first box next to the statement "I am at least 13 years old (no?)" (the "age box") and the second box next to the statement "I agree to Xanga Terms of Use" (the "terms of use" box).

18. The "no?" next to the age box linked to the following explanation: "Sorry, Xanga is intended for people who are at least 13 years old. Children under 13 are not permitted to join or participate in the Xanga Community. Sorry for any inconvenience . . . please feel free to come back on your thirteenth birthday :-)." If a child did not check the age box before clicking the "Create Account!" button at the bottom of the first registration page, Xanga prominently displayed a message across the top of the page that stated: "You must check the box below to certify that you are at least 13 years old." A child then could check the age box to proceed.

19. The terms of use box was next to the statement: "I agree to Xanga Terms of Use," which linked to Xanga's Terms of Use. If a child selected the link and then scrolled down several paragraphs into the Terms of Use, he or she came to a section labeled "Personal Information" that contained the following statement: "You hereby certify to Xanga that you are at least 13 years old. Xanga is intended for people who are at least 13 years old. Children under 13 are not permitted to join Xanga or participate in the Xanga Community." Xanga required

children to check the terms of use box to proceed with creating a Xanga account.

20.     Once a child filled out and submitted the first registration page as described above, the defendants collected numerous other pieces of personal information from children, including date of birth, first and last names, gender, metro (*i.e.*, major metropolitan area), state, ZIP code, country, mobile phone number, and instant messenger identifications.  Xanga also enabled children to upload pictures, and to enter text into fields labeled "about me," "interests" and "expertise."

21.     After collecting dates of birth from children indicating that they are under 13, the defendants enabled children to create blogs on Xanga.com that allow them to share personal information with the public on the Internet.

22.     After collecting dates of birth from children indicating that they are under 13, the defendants disclosed to the public the personal information they collected from such children by posting the information in the profile area of the children's blogs.

23.     After collecting dates of birth from children indicating that they are under 13, the defendants marketed, and in at least two instances sold, targeted banner ad space on Xanga.com to advertisers based on the personal information, including age, location, and sex, provided by such children.

24.     The defendants posted a notice of their information practices on Xanga.com, but the notice did not clearly, understandably, or completely disclose all of their information collection, use, and disclosure practices for children, as required by the Rule, nor did they make other Rule-required disclosures, including listing the name, address, telephone number, and e-mail address of all operators collecting or maintaining personal information from children.

25.     The defendants did not take the steps required by the Rule to provide parents with

a direct notice of their information practices prior to collecting, using, or disclosing their children's personal information.

26. The defendants did not take the steps required by the Rule to obtain verifiable consent from parents prior to collecting, using, or disclosing their children's personal information.

27. The defendants did not provide the procedures required by the Rule for parents to review the personal information the defendants collected from their children and to refuse to permit the information's further use or maintenance.

28. As described above, in connection with approximately 1.7 million accounts, the defendants collected, used, and disclosed personal information from children without first providing their parents with notice of their information practices, either on Xanga.com or directly; without obtaining verifiable consent from the parents prior to the collection, use, or disclosure; and without providing parents with reasonable procedures to access their children's information and to refuse to permit its further use or maintenance.

**THE DEFENDANTS' VIOLATIONS OF THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE**

29. Since at least January 1, 2000, the defendants have operated Xanga.com, through which they collected, with actual knowledge, personal information from children.

30. In numerous instances during the past five years, including the acts and practices described above, the defendants collected, used, and disclosed personal information from children in violation of the Rule, including:

    a. Failing to provide sufficient notice on Xanga.com of what information the defendants collect online from children, how they use such information,

        their disclosure practices, and all other required content, in violation of Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

b.     Failing to provide direct notice to parents of what information the defendants collect online from children, how they use such information, their disclosure practices, and all other required content, in violation of Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c);

c.     Failing to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children, in violation of Section 312.5 of the Rule, 16 C.F.R. § 312.5(a)(1); and,

d.     Failing to provide a reasonable means for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance, in violation of Section 312.6 of the Rule, 16 C.F.R. § 312.6.

## THE DEFENDANTS' UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT

31.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), provides that "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful."

32.    Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1). *See* COPPA, 15 U.S.C. § 6503(c).

33.    By and through the acts and practices described in Paragraphs 17 through 28, above, the defendants have violated Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## THE COURT'S POWER TO GRANT RELIEF

34.     The defendants have violated the Rule as described above with knowledge as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

35.     Each collection, use, or disclosure of a child's personal information in the five years leading up to the filing of this Complaint, in which the defendants have violated the Rule in one or more of the ways described above, constitutes a separate violation for which the plaintiff seeks monetary civil penalties.

36.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $11,000 for each such violation of the Rule.

37.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to issue a permanent injunction against the defendants' violation of the FTC Act, as well as such ancillary relief as may be just and proper.

38.     Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from the defendants' violations of the Rule.

39.     This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by the defendants' violations of the Rule and the Act.

## PRAYER

WHEREFORE, the plaintiff requests this Court, pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b) and 57b, and the Court's own equitable powers to:

(1) Enter judgment against the defendants and in favor of the plaintiff for each violation of the Rule alleged in this Complaint;

(2) Award the plaintiff monetary civil penalties from the defendants for each violation of the Rule alleged in this Complaint;

(3) Permanently enjoin the defendants from violating the Rule and Act; and

(4) Award the plaintiff such additional relief as the Court may deem just, proper, or necessary to redress injury to consumers resulting from the defendants' violations of the Rule.

Dated: New York, New York
September 7, 2006

| OF COUNSEL: | FOR THE UNITED STATES OF AMERICA: |
|---|---|
| KAREN M. MUOIO<br>PHYLLIS H. MARCUS<br>Attorneys<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW<br>Mail Drop NJ-3212<br>Washington, D.C.  20580<br>Telephone:  (202) 326-2491, -2854<br>Facsimile:  (202) 326-3259 | PETER D. KEISLER<br>Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice<br><br>MICHAEL J. GARCIA<br>United States Attorney<br><br>/s/  Matthew L. Schwartz<br>MATTHEW L. SCHWARTZ (MS-8159)<br>Assistant United States Attorney<br>Southern District of New York<br>Telephone: (212) 637-1945<br>Facsimile:  (212) 637-2750 |

EUGENE M. THIROLF
Director
Office of Consumer Litigation


/s/  Elizabeth Stein
ELIZABETH STEIN
Attorney
Office of Consumer Litigation
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
Telephone:  (202) 307-0066
Facsimile:  (202) 514-8742