ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/06

United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ (MS-8159)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

                Plaintiff,

        v.

XANGA.COM, INC.,
    a corporation,

JOHN HILER,
    individually and as an officer of
    the corporation, and

MARC GINSBURG,
    individually and as an officer of
    the corporation,

               Defendants.
------------------------------------- x

CONSENT DECREE AND
ORDER FOR
CIVIL PENALTIES,
INJUNCTION, AND
OTHER RELIEF

06 Civ. 6853 (SHS)

United States of America v. Xanga.com, Inc. et al                                                                                          Doc. 2

      WHEREAS the plaintiff, the United States of America, has commenced this action by

filing the complaint herein; the defendants have waived service of the summons and complaint;

the parties have been represented by the attorneys whose names appear hereafter; and the parties

have agreed to settlement of this action upon the following terms and conditions, without

adjudication of any issue of fact or law and without the defendants admitting liability for any of

the matters alleged in the complaint or that the facts as alleged in the complaint, other than the

jurisdictional facts, are true;

THEREFORE, on the joint motion of the plaintiff and the defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction of the subject matter and of the parties.

2. The complaint states a claim upon which relief may be granted against the defendants under Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and 6505(d), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b. Among other things, the complaint alleges that the defendants violated COPPA by failing to provide notice to parents of their information practices, to obtain verifiable parental consent prior to collecting, using, and disclosing personal information from children online, and to provide parents with reasonable procedures for reviewing the personal information collected from their children and refusing to permit its further use or maintenance.

## DEFINITIONS

3. For the purposes of this Consent Decree, the term "Rule" means the Federal Trade Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312.

4. For the purposes of this Consent Decree, the terms "child," "collects," "collection," "Commission," "delete," "disclosure," "Internet," "online contact information," "operator," "parent," "person," "personal information," "third party," "verifiable consent," and "website or online service directed to children," are defined as those terms are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

5. For purposes of this Consent Decree, the terms "blog" and "weblog" both mean a web-based publication focusing on a particular subject or functioning as an online journal and typically consisting of periodic entries containing text, images, and links to other web pages.

6. For purposes of this Consent Decree, a "blog hosting service" means a website or online service that hosts blogs and often provides the software to use as a template for creating blogs.

7. For purposes of this Consent Decree, "defendants" means Xanga.com, Inc., a corporation, John Hiler, individually and as an officer of the corporation, and Marc Ginsburg, individually and as an officer of the corporation.

## INJUNCTION

8. The defendants, their successors and assigns, and their officers, agents, servants, representatives, and employees, and all persons in active concert or participation with them who receive actual notice of this Consent Decree by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from violating any provision of the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, and as the Rule may hereafter be amended. A copy of the Rule is attached hereto as "Appendix A" and incorporated herein as if fully set forth verbatim.

## CONSUMER EDUCATION REMEDIES

9. For a period of five (5) years from the date of entry of this Consent Decree, the defendants, and their successors and assigns, in connection with the operation of any website or other online service directed to children or through which it, with actual knowledge, collects, uses, and/or discloses personal information from children, shall place a clear and conspicuous

notice (1) within the privacy policy required to be posted on its website(s) by Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b); (2) within the direct notice required to be sent to parents by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c); and (3) at each location on its website(s) where personal information is collected, which states as follows in bold typeface:

> **NOTICE:** Visit <u>www.ftc.gov/privacy</u> **for information from the Federal Trade Commission about protecting children's privacy online.**

Where the above notice is posted on a website or delivered via email or other electronic service, it shall be in the form of a hyperlink to <u>www.ftc.gov/privacy</u>. The Federal Trade Commission may change the hyperlink/URL upon thirty (30) days prior written notice to the defendants, their successors or assigns.

10. For a period of five (5) years from the date of entry of this Consent Decree, the defendants, and their successors and assigns, in connection with the operation of any blog hosting service, shall place a clear and conspicuous notice on the homepage(s) and privacy notice(s) of their website(s), which states, in the form of a hyperlink in bold typeface, as follows:

> **Visit www.OnGuardOnline.gov for social networking safety tips for parents and youth ["parents" must contain a hyperlink to**
>
> **< www.onguardonline.gov/socialnetworking.html > and "youth" must contain a hyperlink to < www.onguardonline.gov/socialnetworking_youth.html >]**

The Federal Trade Commission may change the hyperlinks/URLs upon thirty (30) days prior written notice to the defendants, their successors or assigns.

## CIVIL PENALTY

11.  The defendants, and their successors and assigns, jointly and severally shall pay to the plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of One Million Dollars ($1,000,000) as follows:

   a.  The defendants shall pay the penalty required by this paragraph by paying Six Hundred Thousand Dollars ($600,000) within five (5) business days following entry of this Consent Decree, followed by payment of the remaining Four Hundred Thousand Dollars ($400,000) in two (2) equal installments of Two Hundred Thousand Dollars ($200,000) plus interest, as calculated pursuant to 28 U.S.C. § 1961, due within six (6) and twelve (12) months, respectively, of the date of entry of this Consent Decree; *provided*, however, that at any time, and without penalty, the defendants may pay the balance due, make more frequent payments, make advance payments, or make larger payments than scheduled;

   b.  The defendants shall make all payments required by this paragraph by electronic fund transfer in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition.

12.  In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

## DELETION OF CHILDREN'S PERSONAL INFORMATION

13. The defendants, and their successors and assigns, within five (5) days from the date of entry of this Consent Decree, shall delete all personal information collected and maintained in violation of the Rule through the date of entry of this Consent Decree.

## DISTRIBUTION OF ORDER AND COMPLIANCE GUIDE BY THE DEFENDANTS

14. The defendants, and their successors and assigns, within thirty (30) days from the date of entry of this Consent Decree, shall provide a copy of this Consent Decree and the Federal Trade Commission compliance guide entitled *How to Comply with the Children's Online Privacy Protection Rule* (Nov. 1999) ("compliance guide") (attached hereto as "Appendix B") to each of its current principals, officers, directors, and managers; and to all current employees and agents having responsibilities related to the operation of any website or online service subject to this Consent Decree; and to all current representatives having responsibilities related to compliance with this Consent Decree; and secure from each such person a signed statement acknowledging receipt of a copy of this Consent Decree and the compliance guide. The defendants shall, within ten (10) days of complying with this paragraph, submit to the Commission a signed statement setting forth the fact and manner of the defendants' compliance, including the name and title of each person to whom a copy of the Consent Decree and compliance guide has been provided.

15. The defendants, and their successors and assigns, for a period of five (5) years from the date of entry of this Consent Decree, shall provide a copy of this Consent Decree and the compliance guide to each of its future principals, officers, directors, and managers; and to all future employees and agents having responsibilities related to the operation of any website or

online service subject to this Consent Decree; and to all future representatives having responsibilities related to compliance with this Consent Decree; and secure from each such person a signed and dated statement acknowledging receipt of a copy of this Consent Decree and the compliance guide, within thirty (30) days after the person assumes such position or responsibilities. The defendants shall maintain copies of the signed statements, as well as other information regarding the fact and manner of their compliance, including the name and title of each person to whom a copy of the Consent Decree and compliance guide has been provided and, upon request, shall make the statements and other information available to the Commission.

### COMPLIANCE REPORTING BY THE DEFENDANTS

16. In order that compliance with the provisions of this Consent Decree may be monitored:

    a. For a period of three (3) years from the date of entry of this Consent Decree,

        i. Each individual defendant shall notify the Commission of the following:

        (1) Any changes in residence addresses, mailing addresses, and telephone numbers of such individual defendant, within ten (10) days of the date of such change;

        (2) Any changes in employment status (including self-employment) of such individual defendant, and any change in the ownership of the individual defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and

address of each business that the individual defendant is affiliated with, employed by, creates, forms, or performs services for; a statement of the nature of the business; and a statement of the individual defendant's duties and responsibilities in connection with the business or employment; and

(3) Any changes in the individual defendant's name or use of any aliases or fictitious names; and

ii. Each defendant shall notify the Commission of any changes in corporate structure of the corporate defendant, or any business entity that an individual defendant directly or indirectly controls or has an ownership interest in, that may affect compliance obligations arising under this Consent Decree, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Consent Decree; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which a defendant learns less than thirty (30) days prior to the date such action is to take place, such defendant shall notify the Commission as soon as is practicable after obtaining such

knowledge.

b. Sixty (60) days after the date of entry of this Consent Decree and at such times as the Federal Trade Commission shall reasonably require, the defendants each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Consent Decree. This report shall include, but not be limited to:

i. For each individual defendant:

(1) The then-current residence addresses, mailing addresses, and telephone numbers of the individual defendant; and

(2) The then-current employment and business addresses and telephone numbers of the individual defendant; a description of the business activities of each such employer or business, and the title and responsibilities of the individual defendant, for each such employer or business.

ii. For all defendants:

(1) a statement setting forth in detail the criteria and process through which any of their websites registers visitors online for any activity requiring the submission of personal information, and a copy of each different screen or page providing or collecting registration information;

(2) a copy of each different privacy notice posted on any of their

websites;

(3) a statement setting forth in detail each place where the privacy notice on any website is located and a copy of each screen or page on which the website collects personal information;

(4) a copy of each different privacy notice sent to parents;

(5) a statement setting forth in detail when and how each notice to parents is provided;

(6) a statement setting forth in detail the methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children;

(7) a statement setting forth in detail the means provided for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance;

(8) a statement setting forth in detail why each type of information collected from a child is reasonably necessary for the provision of the particular related activity; and

(9) a statement setting forth in detail the procedures used to protect the confidentiality, security, and integrity of personal information collected from children.

c. For the purposes of this Consent Decree, the defendants shall, unless otherwise directed by the Commission's representatives, mail all written notifications to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
Re: *U.S. v. Xanga.com, Inc.*, No. 06 Civ. 6853 (SHS)

## RECORD-KEEPING PROVISIONS

17.   For a period of five (5) years from the date of entry of this Consent Decree, defendants, and their successors and assigns, shall maintain, and make available to the Federal Trade Commission for inspection and copying within fourteen (14) days of the date of receipt of a written request, a print or electronic copy in HTML format of all documents demonstrating compliance with the terms and provisions of this Consent Decree, including, but not limited to, copies of acknowledgments of receipt of this Consent Decree; all reports submitted to the Commission pursuant to this Consent Decree; a sample copy of every different form, web page, or screen through which personal information is collected; and a sample copy of each different document containing any representation regarding defendants' collection, use, and disclosure practices pertaining to personal information of a child.  Each web page copy shall be accompanied by the URL of the web page where the material was posted online.  Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet.  *Provided*, however, that defendant shall not be required to retain any document for longer than two (2) years after the document was created, or to retain a print or electronic copy of any amended web page or screen to the extent that the amendment does not affect defendant's compliance obligations under this Consent Decree.

## PROVISION OF TAXPAYER IDENTIFYING NUMBERS

18.    The defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Federal Trade Commission their taxpayer identifying numbers (social security number or employer identification number), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government.

## CONTINUING JURISDICTION

19.    This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof.

**JUDGMENT IS THEREFORE ENTERED** in favor of the plaintiff and against the defendants, pursuant to all the terms and conditions recited above, *and pursuant to the express written consent of the parties and their attorneys as subscribed on pages 13, 14 + 15 of this consent decree.*

Dated: New York, New York
September 11, 2006

_____
HON. SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

The parties, by their counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof. The defendants waive any rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the investigation and prosecution of this action.

FOR THE UNITED STATES OF AMERICA:

PETER D. KEISLER
Assistant Attorney General
Civil Division
U.S. Department of Justice

MICHAEL J. GARCIA
United States Attorney

_____
MATTHEW L. SCHWARTZ (MS-8159)
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-1945
Facsimile: (212) 637-2750)

EUGENE M. THIROLF
Director
Office of Consumer Litigation

_____
ELIZABETH STEIN
Attorney
Office of Consumer Litigation
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
Telephone: (202) 307-0066
Facsimile: (202) 514-8742

FOR THE FEDERAL TRADE COMMISSION:

_[signature]_

KAREN M. MUOIO
PHYLLIS H. MARCUS
Attorneys
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, D.C. 20580
(202) 326 -2491, -2854 (voice)
(202) 326-3259 (fax)

FOR THE DEFENDANTS:

XANGA.COM, INC.

by: _____
MARC GINSBURG, President
Xanga.com, Inc.
555 Eighth Avenue, Suite 21F
New York, NY 10018


_____
ROGER P. FUREY, ESQ.
Katten Muchin Rosenman LLP
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007
(202) 625-3630 (voice)
(202) 298-7570 (fax)
Attorney for defendant Xanga.com, Inc.


_____
STEVEN SHIFFMAN, ESQ.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
(212) 940-6785 (voice)
(212) 940-8776 (fax)
Attorney for defendant Xanga.com, Inc.


_____
JOHN HILER, individually and as an officer of the corporation


_____
MARC GINSBURG, individually and as an officer of the corporation

FOR THE DEFENDANTS:

XANGA.COM, INC.

by: _____
MARC GINSBURG, President
Xanga.com, Inc.
555 Eighth Avenue, Suite 21F
New York, NY 10018


_____
ROGER P. FUREY, ESQ.
Katten Muchin Rosenman LLP
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007
(202) 625-3630 (voice)
(202) 298-7570 (fax)
Attorney for defendant Xanga.com, Inc.


_____
STEVEN SHIFFMAN, ESQ.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
(212) 940-6785 (voice)
(212) 940-8776 (fax)
Attorney for defendant Xanga.com, Inc.

_____
JOHN HILER, individually and as an officer of the corporation

_____
MARC GINSBURG, individually and as an officer of the corporation